UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-2516-CJC(MAR) | Date: April 20, 2022 |
| Title:  **Joseph Hetzel v. Brian Cates** | |

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE:  WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY**

## I.
## INTRODUCTION

Petitioner Joseph Hetzel ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254").  ECF Docket No. ("Dkt.") 1.  The Petition appears untimely.  However, the Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to explain why the Petition is not untimely.

## II.
## PROCEDURAL HISTORY

On February 21, 2019, Petitioner pled guilty to violations of Cal. Pen. Code §§ 207(a), 667(a)(1).  Id. at 2.  Because Petitioner entered into a plea bargain, he did not appeal the conviction.  Id. at 3.

Petitioner indicates he filed a habeas petition in Santa Barbara County Superior Court on March 2, 2021.  Id.  A case search on the California Courts Appellate Courts Case Information website confirms that: (1) on July 8, 2021, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal, which the court denied on Ju;y 27, 2021;[2]  and (2) on August 18, 2021, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which the court denied on November 10, 2021.[3]  Dkt. 1 at 4–5.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] See California Courts, Appellate Courts Case Information, 2nd Appellate District, Docket (https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2353169&doc_no=B313474&request_token=NiIwLSEmPkw7WyApSSFdUENIUEA6USxXIiIuVz1SMCAgCg%3D%3D) (last accessed on April 19, 2022).

[3] See California Courts, Appellate Courts Case Information, Supreme Court, Docket (https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2356210&doc_no=S2704

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:22-cv-2516-CJC(MAR)                                                    Date:  April 20, 2022

Title:   Joseph Hetzel v. Brian Cates

Petitioner constructively filed the instant Petition on April 9, 2022.  Dkt. 1 at 8.

### III.
### DISCUSSION

**A.   THE PETITION IS UNTIMELY AND SUBJECT TO DISMISSAL**

    **1.   The Petition was filed after AEDPA's one-year limitations period**

        **a.   Applicable law**

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

        **b.   Analysis**

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Here, it appears that Petitioner did not pursue direct review of his conviction.  Therefore, Petitioner's conviction became final on April 22, 2019, i.e., sixty (60) days after the time expired for Petitioner to appeal his conviction  See Dkt. 1; see also Cal. R. Ct. 8.304, 8.308 (state court rules setting forth 60-day time period in which to initiate criminal appellate proceedings).  AEDPA's one-year limitations period commenced the next day, April 23, 2019, and expired on April 23, 2020.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on April 9, 2022.  Dkt. 1 at 8.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.
///
///
///
///

---

40&request_token=NiIwLSEmPkw7WyApSSFdUEJJUEA0UDxTJCJeVz5TMCAgCg%3D%3D) (last accessed on April 19, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-2516-CJC(MAR)                               Date:  April 20, 2022

Title:   **Joseph Hetzel v. Brian Cates**

**2.   Petitioner is not entitled to a later trigger date**

   **a.   Applicable law**

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

   **b.   Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

**3.   Statutory tolling does not render the Petition timely**

   **a.   Applicable law**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits."  King

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-2516-CJC(MAR)                                          Date:  April 20, 2022

Title:   **Joseph Hetzel v. Brian Cates**

v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

  **b.**  **Analysis**

  Here, AEDPA's one-year statute of limitations expired on April 23, 2020, almost one (1) year before Petitioner filed his first habeas petition in state court on March 2, 2021.  See 28 U.S.C. § 2244(d)(1); Dkt. 1 at 3–4, 8.  The limitations period can not be tolled by a state petition filed after the period had already expired, and thus statutory tolling does not render the Petition timely.  See Ferguson, 321 F.3d at 823.

  **4.**  **Equitable tolling does not render the Petition timely**

  **a.**  **Applicable law**

  In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'"  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

  **b.**  **Analysis**

  Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.

**IV.**
**ORDER**

  The Court will not make a final determination regarding whether the Petition should be dismissed as untimely before giving Petitioner an opportunity to explain why the Petition is timely or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-2516-CJC(MAR)                              Date:  April 20, 2022

Title:   **Joseph Hetzel v. Brian Cates**

why he is entitled to tolling.  Thus, the Court **ORDERS** Petitioner to show cause **within twenty-one (21) days of this Order, by May 11, 2022**, why the Petition should not be dismissed as untimely.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |